JUSTICE WEBER
specially concurs as follows:
I concur with the holding of the majority opinion for the reasons set out in that opinion and also for the reasons set out in this special concurrence.
*503 The Revocation of Trust was executed by J. Maurice Jones both as Trustor and as one of the Co-Trustees. The following are the key paragraphs of that Revocation of Trust:
Under the provisions of said Trust and specifically paragraph II thereof the undersigned as the remaining and sole Trustor and Trustee of said Revocable Trust Agreement, by and through these presents and does herewith revoke, cancel and terminate said Trust in all of its particulars, conditions, and circumstances to the effect that from and after the date of this revocation said Trust shall be at an end, terminated and of no further force and effect and the grant of the said real property to the Trust also terminated and of no further force and effect with said property to revert and remain in my name.
Therefore, as Trustor I herewith grant, bargain, assign, transfer, and convey the said Trust to myself as an individual of the above described property to the affect that the title shall no longer be vested or reside in said trust but shall henceforth be in my name individually.
Under the first paragraph, Mr. Jones demonstrated his clear intent as both the sole surviving Trustor and as one of the Co-Trustees to terminate the Trust so that it would be of no further force and effect after the date of the Revocation of Trust which was May 31,1991. In the first paragraph he emphasized that by stating that the Trust terminated and was of no further effect so that the property reverted to and remained in his name.
In the final paragraph, Mr. Jones conveyed the property to himself. As one of three Co-Trustees, this certainly transferred an interest by virtue of the execution and recording of the Revocation of Trust. It established his intent to have the title to the property in his name individually.
As a result of the wording of the Revocation of Trust, Mr. Jones effectively transferred all of his interest as a Co-Trustee to himself individually.
Paragraph IV of the Trust Agreement provided in pertinent part as follows:
IV
... [T]he Co-Trustees shall also distribute to the ... surviving Trustor, such portion, or all the principal, of the Trust property as the ... surviving Trustor, from time to time may request in writing ....
*504 Under that provision, Mr. Jones as surviving Trustor could require the Co-Trustees to distribute to him all of the principal of the trust property. The only requirement in order to do so is that he make his request “in writing.” The provisions of the Revocation and Conveyance axe sufficient to meet the requirements of Paragraph IV. He clearly directed the Co-Trustees to distribute to him individually all of the principal of the trust property and did so in writing.
I conclude that the surviving two Co-Trustees were therefore obligated under the provisions of Paragraph IV to complete the transfer to Mr. Jones of all of the principal of the Trust.
I join in the opinion that the District Court did not err in granting summary judgment in favor of Ms. Koski.